UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK BRIVIK,

        Plaintiff,

vs.                              Case No: 8:11-cv-2101-T-33TGW

OFFICER CLAUDIA LAW,
JOHN MURRAY, STEVE
MURRAY, JOSEPH RUSSO,
RICHARD ZIMMERMAN,
RONALD CARR, ANDRE
PANET-RAYMOND and
ABRAHAM SMAJOVITS,

        Defendants.
_____/

## ORDER

This matter comes before the Court pursuant to Defendant Officer Claudia Law's Motion to Dismiss and/or Motion for Judgment on the Pleadings (Doc. # 32), filed on February 9, 2012. Plaintiff Mark Brivik filed a Response in Opposition to the Motion (Doc. # 37) on February 20, 2012. This Court held a hearing on the Motion on February 23, 2012. (Doc. # 40). At the conclusion of the hearing, the Court orally granted the Motion to Dismiss and directed counsel for Officer Law to submit a proposed order for the Court's review. After Officer Law tendered the proposed order, Plaintiff lodged an objection to the proposed order and filed a Motion to Stay the Entry of Judgment in favor of Officer Law (Doc. # 64). Officer Law has responded to the Objection and Motion to Stay. (Doc. # 69). After considering these submissions and after independent review of the record and the evidence submitted, the Court grants Officer Law's Motion and dismisses the case against Officer Law with prejudice. The Court also denies Plaintiff's Motion to Stay Entry of Judgment for the reasons that follow.

**I. Background**

This cause involves the joint venture investment plan that Plaintiff Mark Brivik had with the above seven Defendant co-investors, and the subsequent investigation and arrest by Officer Law of Plaintiff on charges of a scheme to defraud in violation of Florida Statute §817.034(4)(a)1, securities fraud in violation of Florida Statute §517.301(1)(a)(2) and §517.302(2), sale of unregistered securities in violation of Florida Statute §517.07(1) and §517.302(1), and sale of security by unregistered issuer in violation of Florida Statute §517.12 and §517.302(1) (Doc. # 1 at 7-8; Doc. # 32-1 at 1). Officer Law is a Special Agent with the Florida Department of Law Enforcement ("FDLE"). (Doc. # 1 at 2).

Plaintiff filed his civil Complaint against Officer Law individually and the seven Defendant co-investors (Doc. # 1 at 2-3). As to Officer Law, he alleges claims of 42 U.S.C. §1983 civil rights violations, including false arrest and malicious prosecution, and Florida state law claims of false arrest and malicious prosecution. Plaintiff asserts "joint action" by Officer Law with the seven Defendant co-investors. The Complaint incorporates numerous references to Officer Law's affidavit for arrest warrant, which resulted in the issuance of an arrest warrant by a Sarasota County Circuit Judge on July 15, 2010. (Doc. # 32-1).

At all times material to this cause, the Complaint alleges that Officer Law was acting "within the scope of her employment as an officer" with the FDLE, and that her conduct as alleged "is indemnified by the State of Florida." (Doc. # 1 at 2). Officer Law conducted an investigation into allegations that Plaintiff committed, *inter alia*, securities fraud and securities violations (Doc. # 32 at 4). During her investigation, Officer Law obtained sworn statements from various Defendant co-investors, as well as the opinion of securities law expert Michael Moore, Esq., Assistant General Counsel with the Office of Financial Regulation. Specifically,

Moore indicated that Plaintiff had offered securities as defined by Florida Statute § 517.021 that were not exempt. Officer Law inferred from Moore's conclusions that Plaintiff committed certain felonies because Plaintiff, while an unregistered issuer, had been selling "securities" that were "not exempt" and unregistered. (Doc. # 32-1 at 9-10).[1] Officer Law prepared a lengthy affidavit in support of an arrest warrant for Plaintiff. (Doc. # 32-1). Said arrest warrant was executed by a Sarasota County Circuit Judge on July 15, 2010. (Doc. # 32-1 at 18). Thereafter, Officer Law proceeded to arrest Plaintiff.

As a result of his arrest, Plaintiff alleges he was incarcerated for 24 days and was the subject of "numerous high profile and scandalous news reports." (Doc. # 1 at 5). Subsequently, the Sarasota County State Attorney's Office declined to continue the prosecution of Plaintiff. Id.

---

[1] Plaintiff alleges that Officer Law has committed a fraud on this Court by representing at the hearing that Moore found that Plaintiff committed one or more felonies. After carefully considering this argument, the Court determines that it lacks merit. While it appears that Moore did not directly state that Plaintiff committed felonies, Moore concluded that Plaintiff, who is not licensed to sell securities, offered nonexempt securities. Officer Law inferred that Plaintiff committed felonies by engaging in this conduct, and her inference was a reasonable extrapolation from Moore's determinations. The Court finds little difference between Officer Law's representation to the Court that Moore found that Plaintiff sold non-exempt unregistered securities (a felony violation of the Florida Statutes) and the representation that Moore found that Plaintiff committed felonies. Rather than committing a fraud on the Court, Officer Law presented the Court with a reasonable summary of the events leading to Plaintiff's arrest, including the inferences that she made after considering the evidence gathered during the investigation. Officer Law's argument is also bolstered by the Florida Department of Law Enforcement Investigative Report (Doc. # 69-1), reflecting her interactions with Moore prior to Plaintiff's arrest. In addition, it should be noted that, "in order to set aside a judgment or order because of fraud on the court . . . it is necessary to shown an unconscionable plan or scheme which is designed to improperly influence the court in its decision." Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978). That has not happened here.

## II. Legal Standard

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true all of the allegations in the Complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). All that is required is a "short and plain statement of the claim." Bell Atl. Corp. v. Twombly, 550 US 544, 555 (2007). However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. A complaint that offers "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp., 550 U.S. at 555).

Where a complaint specifically refers to documents that are central to a plaintiff's claims but not physically attached to the complaint, such documents are incorporated by reference into it and can be considered by the district court in ruling on a motion to dismiss. Gross v. White, 340 F.App'x 527, 534 (11th Cir. 2009); see also Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005) (A court may consider documents attached to, or incorporated by reference in a dismissal motion without converting the motion into one for summary judgment if the document is (1) central to plaintiff's claim and (2) undisputed, i.e. its authenticity is not challenged). It is "clear that a document need not be physically attached to a pleading to be incorporated by reference into it." Day, 400 F.3d at 1276.

"It is the law in this Circuit that 'when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern'." Crenshaw v. Lister, 556 F.3d 1283, 1292 (11th Cir. 2009)(citing Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007)). Where the written exhibit is inconsistent with the complaint, "the exhibit trumps the allegations." Thompson v. Ill. Dep't of Prof'l Reg., 300 F.3d 750, 754 (7th Cir. 2002). If a Plaintiff relies

upon certain documents "to form the basis for a claim or part of a claim, dismissal is appropriate if the document negates the claim." Thompson, 300 F.3d at 754.

III. **Analysis**

In her Motion to Dismiss and/or Motion for Judgment on the Pleadings, Officer Law asserts that she is entitled to qualified immunity protection from § 1983 claims and state law claims on the basis that she was operating within the scope of her employment, that her conduct complained of "is indemnified by the State" and that she had ample and/or arguable probable cause to arrest Plaintiff. (Doc. # 32).

"Qualified immunity shields government officials from liability for civil damages for torts committed while performing discretionary duties unless their conduct violates a clearly established statutory or constitutional right." Crenshaw v. Lister, 556 F.3d 1283, 1289 (11th Cir. 2009). If an officer establishes that she was acting within her discretionary authority, the burden shifts to the Plaintiff to establish that the officer violated a federal right and that such right was clearly established. Townsend v. Jefferson Cnty., 601 F.3d 1152, 1158 (11th Cir. 2010).

Here, Officer Law was acting within her discretionary authority. Therefore, the burden has shifted to Plaintiff to present evidence that Officer Law violated his clearly established federal rights. Gordon v. Beary, 444 F. App'x 427, 431 (11th Cir. 2011). Plaintiff asserts that Officer Law violated his federal rights by arresting him without probable cause in violation of the Fourth Amendment. The Fourth Amendment to the United States Constitution forbids "unreasonable searches and seizures." U.S. Const. amend. IV. An arrest is a seizure of the person, and the reasonableness of an arrest is determined by the presence or absence of probable cause for the arrest. Gordon, 444 F. App'x at 431 (internal citations omitted). To receive qualified immunity protection; however, an officer need not have actual probable cause but only

arguable probable cause, which requires us to determine whether an officer reasonably could have believed that probable cause existed, in light of the information the officer possessed." Id. at 431-432 (emphasis added).

The Complaint in this case alleges that Officer Law had "lacked arguable probable cause and/or probable cause" to believe that Plaintiff violated any of the above-cited Florida statutes. (Doc. # 1 at 8). However, the Court finds that Officer Law had arguable probable cause. She performed an investigation that included multiple interviews with the individuals connected with the matter and had consulted with a securities law expert, Assistant General Counsel Michael Moore of the Office of Financial Regulation. In addition, she was acting in the scope of her employment, was not acting in bad faith with a malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property. See Lee v. Ferraro, 284 F.3d 1188, 1195 (11th Cir. 2002)(officer was entitled to qualified immunity because he "undoubtedly had arguable probable cause" to arrest the plaintiff.); Ryan v. Roy, 801 So.2d 203, 204 (Fla. 4th DCA 2001)(summary judgment granted for officer who shot plaintiff, finding officer had sovereign immunity pursuant to Florida Statute § 768.79(9)(a) because officer acted within the scope of his employment). Furthermore, Officer Law drafted an affidavit supporting the arrest warrant, which was approved by a Sarasota County Circuit Judge who executed said arrest warrant. (Doc. # 32-1).

"In cases where a facially valid arrest warrant is issued, a judge has already determined probable cause existed." Miller v. Eslinger, No. 6:10-cv-1221, 2011 U.S. Dist. LEXIS 109861, at *8-9 (M.D. Fla. Sept. 27, 2011). "Therefore, whether a Constitutional violation has occurred turns on whether the underlying affidavit was based on deliberate or reckless misstatements or is so lacking in indicia of probable cause as to render official belief in its existence unreasonable."

Id. at *9 (internal citations and quotation marks omitted). The Court finds that none of these factors are present to allege a constitutional violation. Plaintiff has failed to meet his burden. The Court does not believe there are any sets of facts that could be alleged here that would surmount Officer Law's qualified immunity. Thus, Officer Law is entitled to qualified immunity with respect to § 1983 claims of false imprisonment and malicious prosecution. Furthermore, qualified immunity and/or sovereign immunity under Florida Statute §768.28(9)(a) extends to protect Officer Law for the state law claims of false arrest and malicious prosecution. See, e.g., Penley v. Eslinger, 605 F.3d 843, 855 (11th Cir. 2010) (Florida law provides sovereign immunity to law enforcement officers carrying out their duties, unless their actions were committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property pursuant to Florida Statute §768.28(9)(a)).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Officer Claudia Law's Motion to Dismiss and/or Motion for Judgment on the Pleadings (Doc. # 32) is **GRANTED**.

(2) Plaintiff's case against Officer Claudia Law is hereby **DISMISSED WITH PREJUDICE**. This action shall remain pending as between Plaintiff and the remaining Defendants.

(3) Plaintiff's Motion to Stay the Entry of Judgment in favor of Officer Law (Doc. # 64) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 5th day of April 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel and Parties of Record