```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                             DIVISION
```

MARK BRIVIK,

              Plaintiff,
vs.                              Case No. 8:11-cv-2101-T-33TGW

OFFICER CLAUDIA LAW, ET AL.,

              Defendants.
_____/

### ORDER

This cause comes before the Court pursuant to Plaintiff's Motion to Reconsider and/or for Leave to File an Amended Complaint Pursuant to Federal Rules of Civil Procedure 15 and 60(b) (Doc. # 87), which was filed on May 3, 2012. Defendants Ronald Carr and Officer Claudia Law filed responses in opposition to the Motion on May 17, 2012. (Doc. ## 98, 99). For the reasons that follow, the Motion is denied.

### I.   Background

Plaintiff initiated this civil rights action on September 15, 2011, after he was arrested on 23 securities and securities fraud charges. (Doc. # 1). Plaintiff spent 24 days in jail. The criminal charges were dropped after approximately 6 months. Plaintiff sued Officer Law and Plaintiff's six co-investors, who cooperated with Officer Law, under 42 U.S.C. § 1983 and state law for false arrest and malicious prosecution. Plaintiff alleges, inter alia, that

his reputation has been damaged, that he has experienced emotional pain and suffering, and that he has incurred financial losses.

Defendants Richard Zimmerman, Steve Murray, Ronald Carr, and Officer Law filed Motions to Dismiss the Complaint. (Doc. ## 9, 17, 19, 32). This Court held a hearing on the Motions to Dismiss on February 23, 2012. (Doc. # 40). The Court orally granted Zimmerman, Murray, and Carr's Motions to Dismiss without prejudice and allowed Plaintiff to file an amended complaint. (Doc. # 41). The Court granted Officer Law's Motion to Dismiss and determined that it was appropriate to dismiss Officer Law with prejudice based on the defenses of qualified immunity and sovereign immunity. After this oral dismissal with prejudice, Plaintiff filed an amended complaint naming Officer Law as a Defendant and essentially asserting the same counts against Officer Law that this Court dismissed with prejudice. (Doc. # 57). On April 3, 2012, the Court entered an Order striking the improper amended complaint. (Doc. # 65).

On April 5, 2012, the Court entered its order granting Officer Law's Motion to Dismiss and/or Motion for Judgment on the Pleadings (Doc. # 70), which unequivocally dismissed Officer Law from this action with prejudice.

On April 18, 2012, Plaintiff filed his Amended Complaint against Defendants Ronald Carr, John Murray, Steve Murray, Andre Panet-Raymond, Joseph Russo, Abraham Smajovits, and Richard Zimmerman. (Doc. # 76).  On May 3, 2012, Plaintiff sought reconsideration of the Court's Order dismissing Officer Law with prejudice and permission to file a second amended complaint including allegations against Officer Law. (Doc. # 87).  Both Officer Law and Defendant Ronald Carr filed timely responses to the Motion for Reconsideration.

**II. Legal Standard**

Federal Rules of Civil Procedure 59(e) and 60 govern motions for reconsideration.  <u>Ludwig v. Liberty Mutual Fire Ins. Co.</u>, Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *6 (M.D. Fla. Mar. 30, 2005).  The time when the party files the motion determines whether the motion will be evaluated under Rule 59(e) or Rule 60. <u>Id.</u>  A Rule 59(e) motion must be filed within 28 days after the entry of the judgment.  Motions filed after the 28-day period will be decided under Federal Rule of Civil Procedure 60(b).  Here, the Motion for reconsideration was filed within 28 days of the Court's Order dismissing Officer Law with prejudice; however, Plaintiff brings his Motion under Rule 60(b).  In the

interests of fairness, the Court will evaluate Plaintiff's Motion under Rules 59(e) and 60(b), Fed.R.Civ.P.

It is within the Court's discretion to grant a motion for reconsideration. <u>Lussier v. Dugger</u>, 904 F.2d 661, 667 (11th Cir. 1990). Arguments in favor of granting reconsideration must be balanced against the desire to achieve finality in litigation. <u>Id.</u> A motion for reconsideration, therefore, should not be used to present new arguments to the court, <u>see Mays v. U.S. Postal Serv.</u>, 122 F.3d 43, 46 (11th Cir. 1997), or to "relitigate old matters." <u>Wilchombe v. TeeVee Toons, Inc.</u>, 555 F.3d 949, 957 (11th Cir. 2009).

As stated in <u>Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc.</u>, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." <u>Lamar Adver. of Mobile, Inc. v. City of Lakeland</u>, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil

Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308. Likewise, Rule 60(b), Fed.R.Civ.P., is available to relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . . misrepresentation, or misconduct by the opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied . . .; or
> (6) any other reason that justifies relief.

Rule 60(b), Fed.R.Civ.P.

Whether asserted under either Rule 59 or 60, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Ludwig, 2005 U.S. Dist. LEXIS 37718, at *11 (internal citation omitted).

### III. Analysis

In the present Motion, Plaintiff attempts to relitigate issues already decided by the Court in the Order dismissing Officer Law with prejudice. Specifically, Plaintiff contends that probable cause did not exist for Officer Law to prosecute and arrest Plaintiff. The Court is well aware of Plaintiff's

stance on this matter and has addressed the issue exhaustively in its prior Order. Plaintiff does not assert that there has been an intervening change in the law, and he presents no new evidence. Rather, Plaintiff argues that reconsideration is needed to prevent manifest injustice. This argument lacks merit. Officer Law's detailed 17-page affidavit reflecting her comprehensive and thorough investigation establishes her probable cause and/or arguable probable cause to arrest Plaintiff for various violations of Florida Statute Chapter 517. Officer Law's affidavit was reviewed and approved by a Sarasota, Florida, Circuit Judge on July 15, 2010. Hence, Plaintiff was arrested based upon a validly executed arrest warrant. As explained in Miller v. Eslinger, No. 6:10-cv-1221-Orl-31KRS, 2011 U.S. Dist. LEXIS 109861, at *8 (M.D. Fla. Sept. 26, 2011), "In cases where a facially valid arrest warrant is issued, a judge has already determined that probable cause existed."

In addition, to the extent that Plaintiff asserts new arguments for the first time in the context of the present Motion, such arguments are not proper. Plaintiff also fails to raise any issues warranting relief under Rule 60(b), Fed.R.Civ.P. Accordingly, denial of the Motion for Reconsideration is appropriate.

In addition, the Court denies Plaintiff's request to amend the Complaint to include renewed allegations against Officer Law.  The Court generally agrees that leave to amend should be granted liberally; however, in the present case, the Court determines that granting leave to amend to bring Officer Law back into this action would be futile.  Plaintiff's proposed amended complaint could not withstand a motion to dismiss and such amended complaint has not corrected the deficiencies identified in the original complaint. See Fla. Power & Light Co. v. Allis Chalmers Corp., 85 F.3d 1514, 1520 (11th Cir. 1996)(a claim is futile if it cannot withstand a motion to dismiss); Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255 (11th Cir. 2008)(leave to amend may be denied "if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim."). The Court stands behind its decision to dismiss Officer Law with prejudice based on qualified immunity and sovereign immunity, and the allegations arrayed in the proposed amended complaint do not change the Court's determination.

Lastly, the Court notes that it has not considered Ronald Carr's Response in Opposition to the Motion for Reconsideration.  In his submission, Defendant Carr complains that the Amended Complaint (Doc. # 76) contains vague allegations against him.  Rather than interjecting himself

into the present fray between Plaintiff and Officer Law, Carr should file a separate motion challenging the content of the allegations against him, to which Plaintiff may respond in due course.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion to Reconsider and/or for Leave to File an Amended Complaint Pursuant to Federal Rules of Civil Procedure 15 and 60(b) (Doc. # 87) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23rd day of May 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record