```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

MARK BRIVIK,

        Plaintiff,

v.                           Case No. 8:11-cv-2101-T-33TGW

JOSEPH MURRAY, STEVE MURRAY,
JOSEPH RUSSON, RICHARD
ZIMMERMAN, RONALD CARR, ANDRE
PANET-RAYMOND, and ABRAHAM
SMAJOVITS,

        Defendants.
_____/

## **ORDER**

This matter comes before the Court pursuant to Defendant Steve Murray's Motion to Dismiss Amended Complaint with Prejudice (Doc. # 102), which was filed on May 21, 2012. Plaintiff Mark Brivik filed a Response in Opposition to the Motion on June 29, 2012. (Doc. # 117). Also before the Court is Defendant Ronald Carr's Motion for Summary Judgment, and in the Alternative, Motion to Dismiss with Prejudice (Doc. # 105), which was filed on May 29, 2012.[1] Plaintiff filed a Response in Opposition to the Motion on June 30, 2012. (Doc. # 118). For the reasons that follow, the Court grants Murray's Motion and Carr's Motion in the Alternative, and dismisses

---

[1] Carr also filed the Affidavit of Philip W. Lindley in Support of Carr's Motion for Summary Judgment (Doc. # 133) on September 19, 2012, in conjunction with another filing.

this action with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

In addition, before the Court is Defendant Richard Zimmerman's Motion for Summary Judgment (Doc. # 109), filed on June 6, 2012. Plaintiff filed a Response in Opposition to the Motion on July 6, 2012. (Doc. # 121). On September 17, 2012, Zimmerman filed his Rule 56(c)(2) Objection to Evidence Cited in Opposition to Zimmerman's Motion for Summary Judgment. (Doc. # 131). Because this Court finds it appropriate to dismiss the entire action pursuant to Rule 12(b)(6), the Court denies as moot Zimmerman's Motion.

## I. Background

Plaintiff Brivik entered into a real estate transaction concerning an investment property located in Bradenton, Florida, with the Defendants (collectively referred to herein as the "Co-Investors"). (Doc. # 76 at ¶¶ 37, 47). Steve Murray invested $618,750.00, Zimmerman invested $500,000.00, and Carr invested $500,000.00. Id. at ¶¶ 38, 40, 44.[2] However, "[y]ears after the parties' deal in the Real Estate Development closed,

---

[2] The Amended Complaint alleges that other Co-Investors, John Murray, Joseph Russo, Andre Panet-Raymond, and Abraham Smajovits, also invested in the real estate transactions. These Defendants have been dismissed from this action. (Doc. ## 137-139).

2

the Co-Investors concocted bogus criminal allegations against Mr. Brivik . . . . The Co-Investors' intention, inter alia, was to get out of a land deal that preceded a downturn in the real estate market." Id. at ¶ 50.

Plaintiff alleges that the Co-Investors met with Florida Department of Law Enforcement Officer Claudia Law on at least ten occasions and "developed false facts" leading to Plaintiff's arrest. Id. at ¶ 70. Essentially, Plaintiff contends that the Co-Investors reported to Officer Law that Plaintiff misrepresented that Plaintiff held a certain option to purchase real property imperative to the real estate transaction when in fact Plaintiff did not possess such option. Id. at ¶ 53.

Plaintiff describes the Co-Investors' allegations against him as "baseless," "false," "concocted," and "bogus." Id. at 49, 50, and 53. Nevertheless, Officer Law arrested Plaintiff, and Plaintiff spent 24 days in jail based on the following charges and claims:

    a.    an Organized Scheme to Defraud under Section 817.034(4)(a)1, Florida Statutes;
    b.    Fraudulent Securities Transactions Omission of Fact in violation of Section 517.301(1)(a)2, Florida Statutes;
    c.    Sale of Unregistered Shares in violation of Section 517.07(1), Florida Statutes;
    d.    Sale of Security by an Unregistered Issuer in violation of Section 517.12, Florida Statutes;

    e.    Obtained $4,475,000.00 in funds from victims through misrepresentation and fraud;
    f.    Misrepresented the existence of an Option in property in connection with a waterfront parcel, causing the Co-Investors to be induced to invest money in the Real Estate Development;
    g.    Failed to advise the Co-Investors that he had an outstanding warrant against him;
    h.    Had an outstanding warrant against him in South Africa;
    i.    Received a fee of $300,000.00 at the close of the deal in connection with the Real Estate Development; and
    j.    Misrepresented the value of the land in the Real Estate Development.

Id. at ¶¶ 60, 77.

According to Plaintiff, all charges were dropped when "an Assistant State Attorney, after reviewing the allegations, determined that each allegation was absent a proper legal and factual basis." Id. at ¶ 51. Plaintiff further alleges, "the prosecution terminated in a manner that was indicative of Mr. Brivik's innocence as to all the charges leveled against him." Id. at ¶ 52.

Plaintiff initiated this action against the Co-Investors as well as Officer Law on September 15, 2011, alleging false arrest and malicious prosecution charges pursuant to federal and state law. (Doc. # 1). After finding that Officer Law was protected by the federal doctrine of qualified immunity and the state doctrine of sovereign immunity, the Court dismissed

4

Plaintiff's claims against Officer Law with prejudice on April 5, 2012. (Doc. # 70).

The Court permitted Plaintiff to file an amended complaint against the Co-Investors, which he filed on April 18, 2012. (Doc. # 41, 76). Therein, Plaintiff once again sues the remaining Co-Investors for false arrest and malicious prosecution under federal and state law. In counts one and two, brought pursuant to 42 U.S.C. § 1983, Plaintiff contends that, in joint action with Officer Law, the Co-Investors conspired, acted in concert, and reached an understanding to violate Plaintiff's Fourth Amendment rights. (Doc. # 76 at ¶¶ 61-68). In counts three and four, for malicious prosecution and false arrest, Plaintiff contends that the Co-Investors "conspired to falsify information as to Mr. Brivik" leading to his arrest and incarceration. (Doc. # 76 at ¶ 101).

Through various dispositive motions, the Co-Investors seek the dismissal of this action. After reviewing the parties' submissions, the Court determines that it is appropriate to dismiss the action with prejudice pursuant to Rule 12(b)(6).

## II. **Legal Standard**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the

5

light most favorable to the plaintiff. <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. <u>Stephens v. Dep't of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(internal citations omitted). In addition, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). Furthermore, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009).

As a threshold matter, the Court notes that the Motion to Dismiss has not been converted into a motion for summary judgment because the Court has not considered matters outside

the pleadings.[3]  "Rule 7(a) defines 'pleadings' to include both the complaint and the answer, and Rule 10(c) provides that '[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.'" Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (quoting Fed. R. Civ. P. 7(a) and 10(c)).

### III. Section 1983 Analysis

To obtain relief under § 1983, a plaintiff must demonstrate that he was deprived of a federal right by a person acting under color of state law. Patrick v. Floyd Med. Center, 201 F.3d 1313, 1315 (11th Cir. 2000). It has long been recognized that § 1983 is not a source of substantive federal rights. Whiting v. Taylor, 85 F.3d 581, 583 (11th Cir. 1996). Instead, to maintain a § 1983 action, a plaintiff must point to a violation of a specific federal right. Id. Here, Plaintiff asserts that the Defendants violated his Fourth Amendment rights.

Generally, the "under color of state law" requirement excludes from § 1983's reach merely private conduct, no matter

---

[3] When a document outside the pleadings is considered, Federal Rule of Civil Procedure 12(c) requires that "the motion be treated as a motion for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent by such a motion . . ." Fed. R. Civ. P. 12(c).

7

how wrongful. <u>Am. Manufacturers Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 50 (1999). For Plaintiff to bring this § 1983 action against the Defendants, who are private citizens, he must demonstrate that the conduct allegedly causing the deprivation of his Fourth Amendment rights is fairly attributable to the state. <u>Lugar v. Edmondson Oil Co., Inc.</u>, 457 U.S. 922, 937 (1982).

Private parties are state actors for § 1983 purposes "only in rare circumstances." <u>Harvey v. Harvey</u>, 949 F.2d 1127, 1130 (11th Cir. 1992). For Defendants to be deemed state actors, one of the following conditions must be met:

> (1) The State coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise ("nexus/joint action test").

<u>Rayburn v. Hogue</u>, 241 F.3d 1341, 1347 (11th Cir. 2001). In the context of the present suit, only the joint action test applies. "To charge a private party with State action under the [joint action test], the governmental body and the private party must be intertwined in a 'symbiotic relationship.' . . . [T]he symbiotic relationship must involve the specific conduct

of which the plaintiff complains." Id. at 1348 (internal quotations and citations omitted).

**A.    Providing Information to Officer Law**

Generally, Plaintiff alleges that the Co-Investors provided false information to Officer Law, and that such information led to Plaintiff's arrest. Plaintiff, however, has not provided any allegation or explanation as to how the relationship between the Co-Investors and Officer Law was "symbiotic."

In Handy v. Cook, No. 5:10-cv-271, 2011 U.S. Dist. LEXIS 86055 (M.D. Ga. Aug. 4, 2011), the court analyzed whether someone who reported perceived crimes to the police had a symbiotic relationship with the police and was a state actor. There, Tina, the ex-wife, reported to the police that Handy, her ex-husband, threatened her. The police arrested him but ultimately he was not convicted of a crime. When Handy sued Tina for false arrest pursuant to § 1983, the court determined that she was not a state actor under the joint action test:

> Here, Handy has failed to demonstrate a symbiotic relationship between Tina and the Macon Police Department. The only known connection between Tina and the Macon Police Department is that she met with officers on December 1, 2006, and December 12, 2006, to report threatening behavior. Merely reporting to the police is not a rare circumstances, and certainly is insufficient to establish a symbiotic relationship. If this were

9

> the case, every person who reported to the police
> . . . would be deemed a State actor.

Id. at *20.

The Court agrees with the Co-Investors' assertion that reporting Plaintiff's alleged crimes to the police does not rise to the level necessary to pass the joint action test and confer state actor status. "The mere act of reporting a suspected crime to the police is insufficient to establish state action for purposes of a false arrest claim under § 1983." Martinez v. Ashtin Leasing, Inc., 417 F. App'x 883, 885 (11th Cir. 2011). This position was echoed in Woods v. Valentino, 511 F. Supp. 2d 1263, 1274 n.19 (M.D. Fla. 2007), where the court noted that simply filing police reports does not transform a private citizen into a state actor. This holds true even if the allegations are false. See Brown v. Camden County, 583 F. Supp. 2d 1358, 1371 (S.D. Ga. 2008) (rev'd in part on other grounds) ("merely reporting a crime to the police does not make a private citizen a state actor. Providing false information to an arresting officer is not, by itself, sufficient to state a claim against that private party under § 1983.").

Even assuming that the Co-Investors supplied false information to Officer Law, and such information led to

Plaintiff's arrest, Plaintiff's § 1983 claims still fail. Such actions are insufficient to establish a symbiotic relationship between the Co-Investors and Officer Law. The mere provision of information to Officer Law, even false information, does not constitution state action.

### B. Conspiracy with Officer Law

Plaintiff also alleges that "Officer Law and the Co-Investors engaged in joint action to arrest Mr. Brivik. Together, Officer Law and the Co-Investors engaged in a reckless campaign to cause the arrest of Mr. Brivik and cause him to suffer tremendously." (Doc. # 76 at ¶ 61). Along the same lines, Plaintiff alleges that the Co-Investors and Officer Law "conspired," "acted in concert," and "reached an understanding" to "cause the arrest and prosecution of Mr. Brivik." Id. at ¶ 66-68.

The Court notes that although Rule 8 of the Federal Rules of Civil Procedure allows a plaintiff considerable leeway in framing a complaint, the Eleventh Circuit "has tightened the application of Rule 8 with respect to § 1983 cases in an effort to weed out nonmeritorious claims." Connor v. Halifax Hosp. Med. Ctr., 135 F. Supp. 2d 1198, 1211 (M.D. Fla. 2001). Thus, a § 1983 plaintiff must allege his claim with specificity and some factual detail. Id. In this case, merely

11

pleading that the Co-Investors and Officer Law entered into a conspiracy to violate Plaintiff's constitutional rights does not suffice.

The Eleventh Circuit illuminated the heightened pleading requirement of Section 1983 claims in <u>Harvey</u>, where a mental health patient asserted that her husband and others became joint actors with the state when they conspired to commit her to a mental institution. In affirming the dismissal of the § 1983 claims, the court noted:

> For purposes of [§] 1983, a plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actors and the private persons. The allegations of Mrs. Harvey's complaint merely string together the discrete steps of the commitment process, without showing contacts between the appellees that could prove private and alleged state actors had reached an understanding to violate her rights. Therefore, even if one of the appellees actually was a state actor, Mrs. Harvey's complaint consists of purely conclusory allegations that do not plead conspiracy sufficiently to transform the other appellees into state actors.

<u>Harvey</u>, 949 F.2d at 1133 (internal citations omitted). There, the court dismissed the action against the husband and his attorney after finding that they did not become "state actors" by allegedly conspiring with a judge to secure a guardianship order, even though the plaintiff alleged that the husband and lawyer provided the judge with false information. As in

12

Harvey, Plaintiff in this action has not alleged sufficiently detailed facts demonstrating the existence of a conspiracy.

### III. Conclusion

Even if Plaintiff had sufficiently alleged a conspiracy, this Court concludes that dismissal of this action is appropriate because there is no plausible basis for finding a symbiotic relationship between the Co-Investors and Officer Law. As argued by Defendant Carr, "the allegations in the instant action do not account for the fact that the alleged conspiracy was not going to amount to anything that would in any way benefit Officer Law. . . . It would be completely illogical for Officer Law to believe her career would be furthered by pursuing an arrest without probable cause" based on a concocted scheme. (Doc. # 105 at 12, 13).

Because there is insufficient evidence to hold the Co-Investors liable as state actors under the joint action test, the Plaintiff has no viable claim against the private Defendants under § 1983. Dismissal with prejudice is appropriate. See Rayburn, 241 F.3d at 1347 (holding that because § 1983 "only provides for claims to redress state action," dismissal is appropriate once the court concludes that there is no state action). Having determined that dismissal of the § 1983 claims is required, the Court declines

13

to exercise its jurisdiction over Plaintiff's pendant state law claims for malicious prosecution and false arrest.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Murray and Carr's dispositive motions (Doc. ## 102, 105) are **GRANTED** to the extent that this case is dismissed with prejudice pursuant to Rule 12(b)(6).

(2) Defendant Zimmerman's Motion for Summary Judgment (Doc. # 109) is **DENIED AS MOOT.** Plaintiff's Motion to Strike Zimmerman's reply brief (Doc. # 140), filed October 4, 2012, is further **DENIED AS MOOT**.

(3) The Clerk is directed to enter Judgment in favor of Steve Murray, Ronald Carr, and Richard Zimmerman and against Mark Brivik.

(4) Thereafter, the Clerk is directed to terminate all pending deadlines and motions and **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of October 2012.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record