```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

MARK BRIVIK,

        Plaintiff,

v.

                      Case No. 8:11-cv-2101-T-33TGW

JOSEPH MURRAY, STEVE MURRAY,
JOSEPH RUSSON, RICHARD ZIMMERMAN,
RONALD CARR, ANDRE PANET-RAYMOND,
and ABRAHAM SMAJOVITS,

        Defendants.
_____/

## **ORDER**

This matter comes before the Court pursuant to Defendant Steve Murray's Renewed Motion for Award of Costs (Doc. # 175) and Bill of Costs (Doc. # 176), filed on March 14, 2014, and Defendant Richard Zimmerman's Renewed Motion for Award of Costs (Doc. # 178) and Bill of Costs (Doc. # 179), also filed on March 14, 2014. Plaintiff Mark Brivik filed a Response in Opposition to the Motions (Doc. # 180) on March 26, 2014. As explained herein, the Court grants Murray's Motion to the extent that $613.00 should be taxed. The Court denies the remaining costs in Murray's Motion and Bill of Costs and denies Zimmerman's request for costs as set forth in his Motion and Bill of Costs.

**I.   Background**

Brivik filed a false arrest and malicious prosecution action pursuant to 28 U.S.C. § 1983 and state law against Officer Claudia

Law, John Murray, Steve Murray, Joseph Russo, Richard Zimmerman, Ronald Carr, Andre Panet-Raymond and Abraham Smajovits on September 15, 2011. (Doc. # 1). In the Complaint, Brivik alleged that he entered into a multi-million dollar real estate transaction concerning an investment property located in Bradenton, Florida, with John Murray, Steve Murray, Joseph Russo, Richard Zimmerman, Ronald Carr, Andre Panet-Raymond and Abraham Smajovits (collectively referred to as the "Co-Investors"). (Doc. # 76 at ¶¶ 37, 47). However, "[y]ears after the parties' deal in the Real Estate Development closed, the Co-Investors concocted bogus criminal allegations against Mr. Brivik. . . . The Co-Investors' intention, inter alia, was to get out of a land deal that preceded a downturn in the real estate market." (Id. at ¶ 50).

Brivik alleged that the Co-Investors met with Florida Department of Law Enforcement Officer Claudia Law on at least ten occasions and "developed false facts" leading to his arrest. (Id. at ¶ 70). Essentially, Brivik alleged that the Co-Investors reported to Officer Law that Brivik misrepresented that he held a certain option to purchase real property imperative to the real estate transaction when in fact he did not possess such option. (Id. at ¶ 53).

Brivik described the Co-Investors' allegations against him as "baseless," "false," "concocted," and "bogus." (Id. at ¶¶ 49, 50,

2

and 53). Nevertheless, Officer Law arrested Brivik, and he spent 24 days in jail based on the following charges and claims:

- a. An Organized Scheme to Defraud under Section 817.034(4)(a)1, Florida Statutes;
- b. Fraudulent Securities Transactions Omission of Fact in violation of Section 517.301(1)(a)2, Florida Statutes;
- c. Sale of Unregistered Shares in violation of Section 517.07(1), Florida Statutes;
- d. Sale of Security by an Unregistered Issuer in violation of Section 517.12, Florida Statutes;
- e. Obtained $4,475,000.00 in funds from victims through misrepresentation and fraud;
- f. Misrepresented the existence of an Option in property in connection with a waterfront parcel, causing the Co-Investors to be induced to invest money in the Real Estate Development;
- g. Failed to advise the Co-Investors that he had an outstanding warrant against him;
- h. Had an outstanding warrant against him in South Africa;
- i. Received a fee of $300,000.00 at the close of the deal in connection with the Real Estate Development; and
- j. Misrepresented the value of the land in the Real Estate Development.

(Id. at ¶¶ 60, 77).

According to Brivik, all charges were dropped when "an Assistant State Attorney, after reviewing the allegations, determined that each allegation was absent a proper legal and factual basis." (Id. at ¶ 51). Brivik further alleged, "the prosecution terminated in a manner that was indicative of Mr. Brivik's innocence as to all the charges leveled against him." (Id. at ¶ 52).

3

After finding that Officer Law was protected by the federal doctrine of qualified immunity and the state doctrine of sovereign immunity, the Court dismissed Brivik's claims against Officer Law with prejudice on April 5, 2012. (Doc. # 70).

The Court permitted Brivik to file an Amended Complaint against the Co-Investors, which he filed on April 18, 2012. (Doc. ## 41, 76). In counts one and two of the Amended Complaint, brought pursuant to 42 U.S.C. § 1983, Brivik alleged that, in joint action with Officer Law, the Co-Investors conspired, acted in concert, and reached an understanding to violate Brivik's Fourth Amendment rights. (Doc. # 76 at ¶¶ 61-68). In counts three and four, for malicious prosecution and false arrest, Brivik alleged that the Co-Investors "conspired to falsify information as to Mr. Brivik" leading to his arrest and incarceration. (Doc. # 76 at ¶ 101).

The Court dismissed John Murray and Abraham Smajovits without prejudice on October 1, 2012, after finding that Brivik failed to timely effect service of process upon these Defendants. (Doc. # 137). Thereafter, on October 3, 2012, the Court dismissed Joseph Russo and Andre Panet-Raymond after finding that Brivik failed to prosecute his claims against these Defendants. (Doc. ## 138, 139).

On October 5, 2012, after considering dispositive motions filed by Steve Murray, Ronald Carr, and Richard Zimmerman, the

4

Court dismissed the action with prejudice. (Doc. # 141).  Among other findings, the Court determined:

> Even if Plaintiff had sufficiently alleged a conspiracy, this Court concludes that dismissal of this action is appropriate because there is no plausible basis for finding a symbiotic relationship between the Co-Investors and Officer Law. As argued by Defendant Carr, "the allegations in the instant action do not account for the fact that the alleged conspiracy was not going to amount to anything that would in any way benefit Officer Law. . . . It would be completely illogical for Officer Law to believe her career would be furthered by pursuing an arrest without probable cause" based on a concocted scheme. (Doc. # 105 at 12, 13).
>
> Because there is insufficient evidence to hold the Co-Investors liable as state actors under the joint action test, the Plaintiff has no viable claim against the private Defendants under § 1983. Dismissal with prejudice is appropriate. See Rayburn, 241 F.3d at 1347 (holding that because § 1983 "only provides for claims to redress state action," dismissal is appropriate once the court concludes that there is no state action).

(Doc. # 141 at 13).[1]

Judgment was entered in favor of Richard Zimmerman, Ronald Carr, and Steve Murray and against Brivik on October 9, 2012. (Doc. # 142).  On October 19, 2012, Steve Murray filed a motion for attorney's fees and costs (Doc. # 143).  Ronald Carr and Richard Zimmerman filed similar motions requesting the imposition of fees and costs on Brivik days later. (Doc. ## 145, 146).  Brivik filed a notice of appeal (Doc. # 147) on November 2, 2012, and on December

---

[1] After determining that dismissal of the § 1983 claims was required, the Court declined to exercise jurisdiction over Brivik's pendant state law claims. (Doc. # 141 at 13-14).

12, 2012, the Court denied the fee motions without prejudice with leave to re-file after the resolution of the appeal. (Doc. # 153). The Eleventh Circuit affirmed the dismissal of the action and the Court's Judgment. (Doc. ## 161, 167).

Following the Eleventh Circuit's ruling, Steve Murray, Ronald Carr, and Richard Zimmerman renewed their motions for attorney's fees and costs. (Doc. ## 168, 169, 172). On March 3, 2014, the Court denied the requests for motions for attorney's fees and declined "to find [Brivik's] claims so utterly frivolous as to warrant the imposition of attorney's fees." (Doc. # 174).[2] The Court directed Brivik and the cost-seeking Defendants to confer regarding costs; however, if the negotiations proved unsuccessful, the cost-seeking Defendants were permitted to file a Bill of Costs accompanied by legal memorandum by March 4, 2014. (Id.).

At this juncture, Steve Murray and Richard Zimmerman have renewed their motions for costs. Steve Murray seeks $2,578.62 in non-taxable costs pursuant to 42 U.S.C. § 1988 and $613.00 in taxable costs pursuant to 28 U.S.C. § 1920, for a total of

---

[2] Although the Court may award reasonable attorney's fees pursuant to 42 U.S.C. § 1988 to a prevailing party in a 42 U.S.C. § 1983 case, the Supreme Court has held that in civil rights cases, the "plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978).

6

$3,191.62. (Doc. # 175). Richard Zimmerman seeks $705.03 in non-taxable costs pursuant to 42 U.S.C. § 1988. (Doc. # 178).

## II. Standard for Awarding Costs

"Federal Rule of Civil Procedure 54(d)(1) prescribes an award of costs for a prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise." Tempay Inc. v. Biltres Staffing of Tampa Bay, LLC, No. 8:11-cv-2732-T-27AEP, 2013 WL 6145533, at *2 (M.D. Fla. Nov. 21, 2013); see Durden v. Citicorp Trust Bank, FSB, No. 3:07-cv-974-J-34JRK, 2010 WL 2105921, at *1 (M.D. Fla. Apr. 26, 2010)(stating that Fed. R. Civ. P. 54 establishes a strong presumption that costs should be awarded unless the district court decides otherwise)(citing Chapman v. Al Transp., 229 F.3d 1012, 1038 (11th Cir. 2000)). However, "the district court's discretion not to award the full amount of costs incurred by the prevailing party is not unfettered;" the district court must articulate a sound reason for not awarding full costs. Chapman, 229 F.3d at 1039 (internal citations omitted).

Specifically, pursuant to 28 U.S.C. § 1920, the following may be taxed as costs under Fed. R. Civ. P. 54(d)(1):

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;

7

>  (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>  (5) Docket fees under section 1923 of this title;
>  (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; see Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 440-41 (1987), superseded on other grounds by 42 U.S.C. § 1988(c)(finding that 28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the discretionary authority granted in Rule 54(d)). The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. Loranger v. Stierheim, 10 F.3d 776, 784 (11th Cir. 1994).

Judgment was entered in favor of Murray, Zimmerman, and non-cost-seeking Defendant Carr on October 9, 2012 (Doc. # 142) and the Eleventh Circuit affirmed the dismissal of the action and the Court's Judgment. (Doc. ## 161, 167). Thus, Murray and Zimmerman are prevailing parties in this action and are entitled to costs under Fed. R. Civ. P. 54(d).[3] See Powell v. Carey Int'l, Inc., 548

---

[3] The Order only addresses the awarding of costs to Murray and Zimmerman because Carr did not file a renewed motion for costs

F. Supp. 2d 1351, 1356 (S.D. Fla. 2008)(stating that a prevailing party is one who "prevailed on 'any significant issue in the litigation which achieved some of the benefit the parties sought in bringing the suit.'").

### III. Murray's Motion for Costs

In his Motion and Bill of Costs, Murray requests that the Clerk tax the $613.00 bill for a transcript. (Doc. ## 175, 176). Murray provided no additional information regarding the transcript, other than Attorney Trazenfeld's Affidavit in Support of Bill of Costs, which states, "such items listed on the Bill of Costs have been necessarily incurred in this case and that the services for which fees have been charged were actually and necessarily preformed." (Doc. # 177 at 1).

Because this is a 42 U.S.C. § 1983 case, Murray also requests that the following costs be awarded pursuant to 42 U.S.C. § 1988:

> Flat 5% of the monthly hourly attorneys fee for any given month to be paid to cover long distance telephone, photocopying, postage, facsimile, West Law and mileage ($1,581.85);
>
> Mediator's fees ($513.00);
>
> Federal Express charges ($67.61);
>
> Pacer Service fee ($7.56);
>
> Travel expenses (Airfare) ($391.60); and
>
> Travel expenses (Airport parking) ($17.00).

---

before the March 4, 2014, deadline imposed by the Court, or at any time since.

9

(Doc. # 176).

In his memorandum in opposition, Brivik contests all costs requested by Murray. (Doc. # 180). Specifically, Brivik asserts the taxable transcript cost is not proper because no information has been provided as to what the transcript was and if it was necessarily obtained for use in this case, as required by 28 U.S.C. § 1920. (Id. at 7). Brivik also states Murray is not entitled to costs under 42 U.S.C. § 1988 because this Court previously denied attorney's fees. (Id. at 3). In addition, Brivik points to the lack of explanation or specificity of any costs sought by Murray. (Doc. # 175, 176).

Although Murray failed to provide detailed information about the transcript, costs for transcripts may be taxed under 28 U.S.C. § 1920. Additionally, Murray's attorney filed an affidavit stating the items listed on the Bill of Costs were necessarily incurred. (Doc. # 177 at 1). Murray could have provided more information regarding the transcript, however it is reasonable that a copy of a transcript was necessarily obtained for use in the case; therefore, the Court grants Murray's Motion to the extent that the $613.00 transcript cost should be taxed.

However, the Court denies Murray's request for 42 U.S.C. § 1988 non-taxable costs because the Court previously denied Murray's request for an award under 42 U.S.C. § 1988 on March 3,

2014. (Doc. # 174). In its March 3, 2014 Order, the Court analyzed the awarding of fees in this 42 U.S.C. § 1983 case and ultimately determined Brivik's claims were not "so utterly frivolous as to warrant the imposition of attorney's fees." (Doc. # 174 at 11). After finding Brivik's claims were not frivolous as required for an award under 42 U.S.C. § 1988, this Court cannot grant Murray's request for non-taxable costs pursuant to 42 U.S.C. § 1988. Murray cites Heinkel ex rel. Heinkel v. Sch. Bd. of Lee County, Fla., 2:04-cv-184-FTM-33-SPC, 2007 WL 2757366 (M.D. Fla. Sept. 20, 2007), for support that in addition to the six categories of costs under 28 U.S.C. § 1920, 42 U.S.C. § 1988 "allows recovery of additional expenses on the theory they are subsumed within the concept of a reasonable fee." (Doc. # 175 at 3). Although 42 U.S.C. § 1988 may allow for recovery of additional expenses not included in 28 U.S.C. § 1920, the Court cannot award Murray's request for non-taxable costs because it previously found Brivik's claims were not frivolous as required for an award under 42 U.S.C. § 1988. Therefore, Murray's Motion is granted as to the $613.00 transcript cost, but is denied as to all 42 U.S.C. § 1988 non-taxable costs.

**IV.   Zimmerman's Motion for Costs**

In the Bill of Costs, Zimmerman does not seek an award of 28 U.S.C. § 1920 taxable costs. (Doc. ## 178, 179). Rather,

Zimmerman requests the following non-taxable costs pursuant to 42 U.S.C. § 1988:

    Mediator Fee ($513.00);

    Gas Fee ($67.70);

    Postage ($50.05); and

    Lexis/Westlaw ($74.28).

(Doc. # 179 at 3).

As with Murray's Motion, Brivik opposes all costs sought by Zimmerman. (Doc. # 180). Brivik points out that Zimmerman concedes that none of the costs sought are recoverable pursuant to 28 U.S.C. § 1920. (Id. at 7). In addition, Brivik asserts that Zimmerman's Motion and Bill of Costs lack any explanation or documentation to support the alleged costs. (Id.). Zimmerman also cites Heinkel, 2:04-cv-184-FTM-33-SPC, 2007 WL 2757366, for the same purpose as explained above. Applying the analysis of Murray's request for 42 U.S.C. § 1988 non-taxable costs, the Court denies Zimmerman's request for non-taxable costs.

Accordingly, it is hereby

    **ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Steve Murray's Renewed Motion for Award of Costs (Doc. # 175) is **GRANTED** in the amount of $613.00 but is otherwise **DENIED.**

(2) Defendant Richard Zimmerman's Renewed Motion for Award of Costs (Doc. # 178) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 18th day of April, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record